IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MARK ALPERS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-CV-00142-M-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, *et al.*, § | |
| § | |
| Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Mark Alpers ("Alpers"). ECF No. 1. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the Petition for Writ of Habeas Corpus, ECF No. 1.

**I.    BACKGROUND**

Petitioner Alpers, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Alpers challenges the validity of disciplinary actions no. 20190175252 and 20190175254, which he claims were taken against him at the Allred Unit. ECF No. 1 at 5. In support of his petition, Alpers presents the following grounds for relief:

1.   he was denied due process in the disciplinary actions that subjected him to an atypical and significant hardship; and,

2.   the adjudication of his disciplinary actions was based on an unreasonable determination of the facts based on the evidence that was presented, the evidence was not adequately investigated, and proof of the true facts was not allowed.

ECF No. 2 at 1. Alpers states that the disciplinary actions resulted in a reduction in his good time earning status unnecessarily from S-3 to S-4 and 45 days of recreation and 45 days of commissary restrictions for the two different cases. ECF No. 1 at 5.

II.     ANALYSIS

Alpers has not stated a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his prison custodial classification or in his good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, not a constitutionally protected liberty interest). Therefore, the reduction in his custodial classification or in his good time earning status does not warrant due process protection.

As to his loss of recreation and commissary privileges, Alpers likewise is not entitled to habeas relief. Generally, inmates do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions on privileges such as those imposed in this case do not raise such concerns.

Alpers does not allege that he lost any previously earned good time credits. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceedings. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (state may create a

constitutionally protected liberty interest requiring a higher level of due process where previously earned good time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

### III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the Petition for Writ of Habeas Corpus, ECF No. 1.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **February 28, 2020**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE